## Northern York County School District Petition

*Martin B. Ebbert*, for petitioner.

*Lavere C. Senft* and *P. Nelson Alexander*, for respondent.

ATKINS, P. J., February 1, 1967.—The Northern York County School District has presented a petition pursuant to section 3-303 of the Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS §3-303, seeking approval of a division of the school district into three regions so that in the future, representation of the district on the school board shall be by regions, rather than at large.

The court, after receipt of the petition, fixed a date for hearing and directed notice thereof to be given by publication. When the time came for the hearing, several interested persons appeared and expressed dissatisfaction with the result of the proposed regional division. One of their number, who also happens to be a member of the school board, suggested that they thought if additional time were given, they could consult with the board and perhaps arrive at a compromise of their problems. This was granted, and a subsequent date set for hearing.

At that time, there appeared before the court Martin B. Ebbert, Esq., solicitor for the board. Mr. Ebbert presented a resolution that had been adopted by the school board during the period between the date of the original hearing and the subsequent one reaffirming the board's original action with regard to the makeup of the three regions, but adding a provision which would fix expiration dates for each of the directors. If

these dates become effective, it would mean that two directors from each region would be elected in 1967 and one in 1969. Lavere C. Senft, Esq., appeared on behalf of a member of the school board whose term of office would be shortened by two years if the suggested terms were approved by the court. P. Nelson Alexander, Esq., appeared for certain other interested parties, at least some of whom are members of the school board, in support of the solution of the resolution fixing the termination dates for the terms of the directors. All parties stated affirmatively that there was no objection to the regional divisions provided for in the board's resolution as presented by Mr. Ebbert, which agreed with the original division set forth in the petition which was originally presented.

We agree that the division into three regions is in accordance with the Act of Assembly. The populations of the respective regions are 2,361, 2,501 and 2,788, which demonstrates a near equal distribution of population, and there is no evidence that any of the regions violate any boundaries of any election district.

The selection and terms of office of school directors are fixed by the Public School Code of 1949, first by a general provision in section 301 of the code which provides that "The public school system of the Commonwealth shall be administered by a board of school directors, to be elected or appointed, as hereinafter provided. At each election of school directors, each qualified voter shall be entitled to cast one vote for each school director to be elected". Section 303 provides that in second, third and fourth class districts (this district is a second class), it is provided: ". . . there shall be a board of nine school directors who, except as otherwise provided in this act, shall be elected at large for terms of six (6) years. The terms of three of the members shall expire on the first Monday of December of each odd numbered year, as now provided by

law. At each municipal election, three school directors, except as otherwise provided in this act, shall be elected at large for terms of six (6) years. Their terms of office shall begin on the first Monday of December following their election". The subsequent portion of this section then provides that where a district is divided into three regions, three directors shall be elected from each region "and at all times each region shall be represented by three directors elected or appointed as hereinafter provided from that region".

Section 303.1 then provides for the election of school directors and fixes their terms of office where a new district has been established under the provision of the school code.

We are advised by counsel from their statements at the bar during the hearing that all of the directors in the instant case have been elected by the people for specified periods of time in accordance with the provisions of the school code. Nowhere has there been any authority cited that would give to this court the power to in any way change the terms of office of any of the directors who have previously been elected. In our reading of the pertinent provisions of the school code, we have failed to find any such authority. Therefore, we conclude that we cannot take any action that would attempt to fix or in any way change any of the current board of school directors. Accordingly, we enter this order:

And now, to wit, February 1, 1967, it is ordered, adjudged and decreed that the plan submitted by the Northern York County School District for dividing said district into three regions, as follows: Region 1: Wellsville Borough and Warrington Township; Region 2: Monaghan Township and Carroll Township; Region 3: Dillsburg Borough, Franklintown Borough and Franklin Township; be and is hereby approved.